1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MYKOLAY MCGOWEN,                          Case No.  20-cv-07286-KAW

8                Plaintiff,

                                               **ORDER GRANTING MOTION TO**
9           v.                                 **STAY**

10   LANDON BIRD, et al.,                       Re: Dkt. No. 11

11               Defendants.

12

13          On October 16, 2020, Petitioner Mykolay McGowen filed a petition for a writ of habeas

14   corpus.  (Pet., Dkt. No. 1.)  Petitioner was found guilty of premeditated attempted murder of two

15   individuals ("Waters convictions"), and of attempted murder of a third individual ("Tran

16   conviction").  (Pet. ¶ 1.)

17          The Court of Appeal reversed the Tran conviction, but upheld the Waters convictions.

18   (Pet. ¶ 3.)  The case was remanded to the Superior Court for resentencing.  (Pet. ¶ 3.)  On February

19   23, 2021, Petitioner was resentenced.  (Dkt. No. 7 at 1.)  While preparing for the resentencing,

20   Petitioner's counsel became aware of new witness statements that contradicted the prosecution's

21   theory of the case.  (*Id.* at 2.)

22          On May 26, 2021, Petitioner filed a habeas petition in Alameda County Superior Court

23   based on the newly discovered evidence.  (Mot. to Stay, Dkt. No. 11-1 at 2.)  On August 11, 2021,

24   Petitioner filed the instant motion to stay the case and hold his petition in abeyance so that he may

25   exhaust a timely claim.  As of the date of this order, no opposition has been filed.

26          Where a habeas petition includes both exhausted and unexhausted claims, the Supreme

27   Court has held that a district court may stay the mixed habeas petition to allow the petitioner to

28   exhaust in state court.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  *Rhines* requires a petitioner

United States District Court
Northern District of California

United States District Court
Northern District of California

1   to show: (1) "good cause" for his failure to exhaust his claims in state court, (2) that his

2   unexhausted claims are not "plainly meritless," and (3) that he has not engaged in "intentionally

3   dilatory litigation tactics." *Id.* at 278.  The district court's discretion to stay a mixed petition is

4   circumscribed by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") stated purposes

5   of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief

6   in the state courts before filing their claims in federal court. *Id.* at 277.  Because the use of a stay

7   and abeyance procedure has the potential to undermine these dual purposes, its use is appropriate

8   only when the district court has first determined that there was good cause for the petitioner's

9   failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.*

10  Moreover, when granting a stay, the district court must effectuate the timeliness concerns in

11  AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* at 278.

12          Here, Petitioner has demonstrated "good cause" for his failure to exhaust, as the new

13  evidence at issue was not discovered until February 2021. (*See* Mot. to Stay, Exh. 1 ("State

14  Habeas Petition") ¶ 29.)  Specifically, an investigator spoke to Anthony Smith, who was originally

15  charged as a codefendant with Petitioner in this case, and had pled and admitted his involvement

16  in the shootings at issue.  Mr. Smith informed the investigator that he had lied to the police when

17  he had implicated Petitioner, that Petitioner was not the shooter, and identified a different

18  individual as the shooter.  (State Habeas Petition ¶¶ 30-31.)  Thus, Petitioner did not have this

19  evidence until Mr. Smith's interview in February 2021, and could not have raised it before.

20          Second, Petitioner's unexhausted claim is not "plainly meritless," as it involves a new

21  witness statement from a former codefendant that another individual was the shooter.

22          Finally, there is no evidence in the record that suggest Petitioner is engaged in

23  "intentionally dilatory litigation tactics."

24          Accordingly, the Court finds that Petitioner has demonstrated good cause for a stay, and

25  GRANTS Petitioner's motion for a stay.  Thirty days after the entry of this order, and every 90

26  days thereafter until proceedings in Petitioner's state exhaustion case are completed, Petitioner

27  shall serve and file a brief report updating the Court on the status of his pending state habeas

28  action.  No later than 30 days after proceedings in his state case are completed, Petitioner shall

1  serve and file notice that proceedings are completed.

2          IT IS SO ORDERED.

3  Dated: September 14, 2021

4                                                  _____
                                                   KANDIS A. WESTMORE
5                                                  United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California