UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYKOLAY MCGOWEN,<br>    Plaintiff,<br>  v.<br>LANDON BIRD, et al.,<br>    Defendants. | Case No.  5:20-cv-07286-EJD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 1 |

Petitioner Mykolay McGowen has filed a petition for a writ of habeas corpus under 28 U.S.C § 2254, challenging his state convictions for attempted murder. Respondents Warden Landon Bird and the People of the State of California (collectively, "Respondents") filed a memorandum of points and authorities in support of their answer (ECF. No. 23), and Petitioner filed a traverse (ECF. No. 26). For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

I.   BACKGROUND

A.   Incident and Petitioners' Trial

On April 13, 2015, Christian and Myzil Waters were shot in front of their house in East Oakland. ECF No. 23-3, at 1417. Another victim, Dan Tran, was caught in the crossfire and shot while he was working in his mechanics shop. *Id.* Surveillance video from Tran's shop shows a man resembling Petitioner exiting the passenger side of a black SUV before shooting at the Waters brothers and the direction of Tran's shop. *Id.* Christian and Myzil Waters are associated with the 64th Avenue group whereas Petidoner Mykolay McGowen is alleged to be from and associated

1    with the 57th Avenue group. *Id.* at 990–991, 1024–25. These rival groups are alleged to be in an
2    ongoing feud. *Id.* at 1419.
3          Oakland Police Department Sergeant Leo Sanchez conducted an interview as a part of the
4    investigation with Christian Waters ("Mr. Waters") after he was shot. *Id.* at 753. During this
5    interview, Mr. Waters made statements to Sergeant Sanchez concerning his injury and discussed
6    the feud between the two street groups at length. *Id.* at 999–1000. During that interview, Mr.
7    Waters also told Sergeant Sanchez that he believed he was shot at because he was a person of
8    interest in a different murder. *Id.* at 1000.
9          Before trial, the judge and counsel discussed possible hearsay issues regarding certain
10   statements made by Mr. Waters but ultimately decided that testimony of the ongoing feud would
11   be admissible either directly through Mr. Waters or through impeachment. *Id.* at 461–463.
12         During his trial testimony, Mr. Waters denied telling Sergeant Sanchez why he thought he
13   was being shot at or having been asked about it. Mr. Waters claimed that he did not know who
14   had shot him and denied having ever been asked who had shot him or why during police
15   interviews. *Id.* at 745–46. He further testified there were no shootings between the two street
16   groups. *Id.* at 751–52. On re-direct, Mr. Waters denied stating or having any belief that he was
17   shot at because he was a suspect in the murder of a member of the rival street group. *Id.* at 768.
18         After Mr. Waters testified, the prosecutor disclosed the potential inconsistencies from his
19   testimony to the court and defense counsel. *Id.* at 935. The judge found that there were in fact
20   inconsistencies in Mr. Waters's testimony, and that the impeachment testimony of Sergeant
21   Sanchez would be allowed. *Id.* at 935–36. Oakland Police Department Sergeants Smoak, Birch
22   and Sanchez all testified at trial.
23         Sergeant Sanchez was called to impeach Mr. Waters's trial testimony. He testified to
24   conducting over 30 interviews during his investigation of another murder between the rival
25   groups. *Id.* at 987. This investigation included interviewing Mr. Waters after he was shot. *Id.* at
26   999. Sergeant Sanchez further testified, in his investigation, he learned that the feud between the
27   two groups often involved shootings back and forth in connection with two previous murders. *Id.*
28   Case No.: 5:20-cv-07286-EJD
     ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
     2

at 991.  Sergeant Sanchez also stated, contrary to Mr. Waters's testimony, that Mr. Waters had told him he believed he was shot at because he was a suspect in the murder of one of the members from the rival street group. *Id.* at 1000.

Sergeants Birch and Smoak also testified at trial. *Id.* at 545.  Sergeant Birch testified that he had worked in East Oakland for nine years and that he was familiar with the area and groups around 57th and 64th Avenues. *Id.* at 878–79.  He further testified that there was an increase in the frequency of shootings in that area after the murder of a member of one of the street groups. *Id.* at 880–881.

Sergeant Smoak was the first officer to arrive where Mr. Waters had been shot. *Id.* at 1012.  He also testified that he had been a supervisor of the gang unit in East Oakland for about a year and a half, and that he knew the Waters brothers because of prior contact with the brothers stemming from investigations of the ongoing feud between the two street groups. *Id.* at 1014–15.

On May 4, 2017, a jury found Mykolay McGowen guilty of premeditated attempted murder of two brothers, Myzil and Christian Waters; the attempted murder of Dan Tran; assault with a semiautomatic firearm; and unlawful possession of a firearm by a prohibited person.  He was sentenced to prison for a term of over 85 years to life.

### B.     Appellate Proceedings

On June 17, 2019, the California Court of Appeal reversed the attempted murder conviction for Tran but upheld the convictions for attempted murder of Myzil and Christian Waters.  ECF. No. 23-3, at 1428.  The Court of Appeal also denied a petition for habeas corpus filed by McGowen as moot because of its decision on direct appeal. *Id.* at 1570.  The case was remanded for resentencing, which resulted in a sentence of over 38 years to life. *Id.* at 1432.  The California Supreme Court denied review on August 28, 2019.  ECF. No. 1, at 8.

### C.     Procedural History

Petitioner filed a petition for a writ of habeas corpus in this Court on October 16, 2020.  Respondents filed a memorandum of points and authorities in support of their answer on September 23, 2022.  Petitioner filed a traverse on November 16, 2022.

Case No.:   5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
3

## II. STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgement of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Where the writ is filed by a state court defendant in relation to his or her trial proceedings, the writ may not be granted with respect to any claim that was adjudicated on the merits in the state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent if "the state court arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgement that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* 409. The federal habeas court must presume as correct any determination of a factual issue made by a state court unless the petitioner shows by clear and convincing evidence that the determination was incorrect. 28 U.S.C. § 2254(e)(1).

Under 2254(d), a federal habeas court must impose a highly deferential standard for evaluating state court rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal

Case No.: 5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
4

citation omitted). This demands that state court decisions be given the benefit of the doubt. *Id*. *See also, Burt v. Titlow*, 571 U.S. 12, 15 (2013). They must be reviewed solely on "the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). The federal habeas scheme leaves primary responsibility with the state court for these judgements and authorizes federal court intervention only when a state court decision is objectively unreasonable. *Woodford*, 537 U.S. at 27.

## III. DISCUSSION

The Court of Appeal was the last court to have reviewed Petitioner's claims in a reasoned decision, and accordingly it is the Court of Appeal's decision that this Court reviews herein. *Barker v. Fleming*, 423 F.3d 1085, 1091–1092 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–804 (1991)).

Petitioner asserts three grounds for relief: (1) the introduction of testimonial hearsay concerning the alleged feud between the 64th and 57th street groups violated the Sixth Amendment Confrontation Clause; (2) trial counsel was constitutionally ineffective in failing to challenge introduction of testimonial hearsay concerning the alleged feud between the 64th and 57th street groups; and (3) even if that evidence was admissible, there was constitutionally insufficient evidence under the Fourteenth Amendment Due Process clause for the jury to conclude that McGowen was the shooter.

### A. Sixth Amendment Confrontation Clause

First, Petitioner contends that the admission of testimonial hearsay concerning the alleged feud between the 64th and 57th street groups violated the Sixth Amendment Confrontation Clause. ECF. No. 1, at 15–16.

The "Sixth Amendment Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004). A witness's testimony against the defendant is

Case No.: 5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
5

inadmissible unless the witness appears at trial, or the defendant had a prior opportunity to cross examine the witness if they were unavailable at trial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009) (citing *Crawford*, 541 U.S. at 54).

The Petitioner argues that Sergeant Sanchez's testimony relied on testimonial hearsay from Mr. Waters, which violated the Confrontation Clause. ECF. No. 1, at 20. However, Sergeant Sanchez's testimony was for the purposes of impeaching Mr. Waters by way of prior inconsistent statements. Mr. Waters had denied, at trial, having told Sergeant Sanchez that he believed he was shot at because he was a suspect in the murder of a member of the rival street group. ECF. No. 23-3, at 768. Sergeant Sanchez, however, testified that Mr. Waters previously stated that he believed he was shot at because he was a person of interest in the murder of a member of the rival street group. *Id.* at 1000. Admission of a prior inconsistent statement, however, does not violate the Confrontation Clause when the declarant was present at trial and was cross examined. *See California v. Green*, 399 U.S. 149, 164 (1970) ("[T]he Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories."). This was reiterated in *Crawford*: "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." 541 U.S. 59 n.9. Petitioner's trial counsel had the opportunity to, and did in fact, cross examine Mr. Waters. Thus, the Court finds that the Court of Appeal reasonably determined that the evidence did not violate the Confrontation Clause and was admissible. ECF. No. 23-3, at 1421.

The Petitioner also argues that Sergeants Birch and Smoak relied on testimonial hearsay when giving their testimony at trial. ECF. No. 1, at 20. The Supreme Court held in *Crawford* that testimonial hearsay cannot be introduced in a criminal case—specifically including prior testimony from police interrogations—unless there was an opportunity for cross examination. 541 U.S. at 68. However, neither Sergeants' testimony relied on any hearsay statements. Their

Case No.: 5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
6

testimony of the alleged feud between the two street groups were based on the Sergeants' own experiences working in the area.  Neither officer testified as to any out-of-court statements but instead kept their testimony to knowledge within their own experience and investigations.  Sergeant Birch testified that during his time working in the area there was an increase in shootings between both street groups after a member of one of the groups was murdered.  *Id*. at 880–881.  Sergeant Smoak testified that he recognized the Waters brothers when he arrived where they had been shot.  *Id*. at 1011-12.  He further testified his recognition was because he was familiar with an ongoing feud between the two street groups and thus was somewhat familiar with the members of the groups.  *Id.* at 1014-15.  He also testified that it was because of his knowledge of this feud that he drove to 57th Avenue to locate the vehicle he saw in the surveillance video.  The testimony of both officers did not specify any out-of-court statements and, therefore, were not hearsay statements in contravention of the Confrontation Clause.

In addition, both officers were cross examined by trial counsel which is independent basis that would frustrate Petitioner's Confrontation Clause claim.  *Melendez-Diaz*, 557 U.S. at 309.  Therefore, the Court of Appeal did not unreasonably apply Supreme Court precedent in deciding the testimony was not inadmissible hearsay.  ECF. No. 23-3, at 1421.

### B.      Ineffective Assistance of Counsel

Second, the Petitioner argues that his trial counsel was ineffective in failing to challenge the admission of the aforementioned testimonial hearsay.  ECF. No. 1, at 16.

A claim of ineffective counsel is cognizable as a claim for denial of the Sixth Amendment right to counsel, which guarantees not only assistance but effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id*.  The proper standard for attorney performance is "reasonably effective assistance."  *Id*. at 668.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must establish two elements.  First, he must establish that counsel's performance was deficient, *i.e.*, that

1    it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id*. at

2    687–88.  Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*,

3    that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4    proceeding would have been different." *Id*. at 694.  A reasonable probability is a probability

5    sufficient to undermine confidence in the outcomes. *Id*.  A doubly deferential standard of review

6    is appropriate when analyzing ineffective assistance of counsel claims under § 2254 that accords

7    both the state court and the defense attorney the benefit of the doubt. *Burt,* 571 U.S. at 15 (citing

8    *Cullen,* 563 U.S. at 201).

9          Petitioner argues that his trial counsel was deficient in failing to object to the admission of

10   claimed inadmissible hearsay.  ECF. No. 1, at 22.  However, as stated above, the testimony of

11   Sergeant Sanchez was used for impeachment purposes in response to inconsistent statements from

12   Mr. Waters.  Because Mr. Waters testified at trial, his own testimonial statements were admissible.

13   In addition, the testimony from Sergeants Birch and Smoak were drawn from their own

14   experiences and observations from working in the area as Oakland police officers.  Because these

15   officers were not recalling another's out-of-court statement, their testimony was not hearsay.  Any

16   hearsay objection would have been without merit and, therefore, trial counsel did not render

17   ineffective assistance.  Furthermore, the Court of Appeal astutely pointed out that there was no

18   specific instance or testimony where the Petitioner alleges an objection should have been made;

19   Petitioner merely postulates vaguely that some objection should have been made.  ECF. No. 23-3,

20   at 1421 n. 4.  ECF. No 1, at 22.  Therefore, the Court of Appeal correctly determined that trial

21   counsel did not give ineffective assistance by failing to challenge the testimony.

22         In summary, trial counsel's failure to object did not violate the "objective standard of

23   reasonableness." *See Strickland*, 466 U.S. at 687–88.  Because the Court finds that the state court

24   reasonably determined that Petitioner had failed to establish at least one of the elements for

25   ineffective assistance of counsel, Petitioner is not entitled to federal habeas relief on this claim.

### C.   Sufficiency of the Evidence

27         Third, Petitioner argues that, even if the evidence was properly admitted, there was

Case No.: 5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
8

constitutionally insufficient evidence for the jury to conclude McGowen was the shooter. ECF. No. 1, at 16.

The controlling inquiry in a legal sufficiency analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On habeas review, the Court presumes the factual findings of the state courts to be correct unless it is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, the Court finds that, viewed in the light most favorable to the prosecution, there is sufficient evidence to uphold the conviction. For instance, although Petitioner claims there was no substantial evidence placing him at the scene or tying him to it (ECF. No. 1, at 25), the security video of the shooting showed the shooter had the same complexion, build, and hairline as the Petitioner. ECF. No. 23-3, at 1024. In addition, the car in the video also matched the Petitioner's car. The Court of Appeal further noted that the disputed motive testimony was not essential but rather supported the conclusion that the defendant was the shooter. *Id.* at 1422. Thus, the Court of Appeal's decision was not contrary to clearly established federal law because there was sufficient evidence to support the Petitioner's convictions for attempted murder.[1]

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires the District Court to issue or deny a Certificate of Appealability when entering a final order adverse to the applicant. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. The Court here declines to issue a Certificate of Appealability. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims

---

[1] Petitioner also argues that the cumulative effect of errors during his trial rendered it unfair. Petitioner has only identified three issues, all of which stem from the same general facts. As discussed, none of the purported errors have any merit, nor would they have any cumulative effect that would render the trial unfair given that they all arose from the same set of facts.

Case No.:   5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
9

to be debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds the Petitioner has not demonstrated that a reasonable jurist would find the district court's assessment of the constitutional claims to be debatable. For the reasons discussed above, the alleged constitutional claims are wholly without merit: the testimony of the officers did not violate the Confrontation Clause, and Petitioner's trial attorney was not ineffective in failing to challenge the entry of the testimony. Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Ninth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

## V.   CONCLUSION

After reviewing the record and pertinent law, the Court DENIES the petition for writ of habeas corpus and DECLINES to issue a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: July 28, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-07286-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
10